UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA KORNILOVA,<br><br>   Plaintiff,<br><br>   v.<br><br>DARRYL LANCE HENDERSON,<br><br>   Defendant. | Case No.  21-cv-04516-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. Nos. 12, 23 |

In this case, Plaintiff Alisa Kornilova alleges that Defendant Darryl Lance Henderson has breached his obligation to support Plaintiff under a Form I-864 affidavit Defendant filed in support of Plaintiff's immigration to the United States. Dkt. 1 (Complaint). Now before the Court is Defendant's unopposed motion to dismiss the Complaint. Dkt. 12. Defendant argues that the Court lacks subject matter jurisdiction and that the Complaint fails to state a claim upon which relief can be granted. *Id.* All parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 15. The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(b).

After filing the motion to dismiss, Defendant filed a proof of service of the motion on Plaintiff. Dkt. 14. Plaintiff did not file any response to the motion to dismiss. However, due to deficiencies in the proof of service, the Court directed that the motion be re-served. Dkt. 22. Defendant subsequently filed a proof that the motion had been re-served on November 2, 2021. Dkt. 23. Plaintiff has again failed to file any response to the motion to dismiss. Although the motion to dismiss is unopposed, the Court has taken the factual allegations of Plaintiff's Complaint as true for purposes of the motion, and the Court's decision to grant the motion is based on its analysis of Defendant's arguments, as discussed below.

I.  **FACTUAL BACKGROUND**

According to the Complaint, Defendant is or was married to Plaintiff's mother, Alina

Henderson. Complaint ¶ 5.1. Defendant sponsored both Plaintiff and her mother as immigrants to the United States, and on October 22, 2018, Defendant signed a Form I-864 that listed Plaintiff as a beneficiary. *Id.* Plaintiff alleges that Defendant subsequently left Plaintiff and her mother "without means of subsistence." *Id.* Plaintiff acknowledges that her mother raised this issue in Santa Clara County Superior Court, but states that "because Plaintiff is not Defendant's biological daughter the Court dismissed that action for lack of jurisdiction. *Id.* ¶ 5.3.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

A sponsored immigrant to bring an "action to enforce an affidavit of support … against the sponsor in any appropriate court." 28 U.S.C. § 1183a(e). Accordingly, this Court has jurisdiction to hear such a claim because it arises under the laws of the United States. *See* 28 U.S.C. § 1331; *see also Courtade v. Pappalardo*, No. 14-cv-01594-JCS, 2014 WL 6450040, at *4 (N.D. Cal. Nov. 14, 2014).

### B. Failure to State a Claim

When signing the Form I-864 affidavit, the sponsor agrees to provide support to maintain the sponsored alien at an annual income level that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable. *See* 8 U.S.C. § 1183a(a)(1)(A); *see also Courtade*, 2014 WL 6450040, at *4. Although the Complaint alleges that Defendant "left Plaintiff and her mother without means of subsistence" and that "Plaintiff depends 100% on her mother's earnings which is not enough to cover day-to-day expenses and extracurricular activities" (Complaint ¶¶ 5.1, 5.2), it fails to state a claim because it does not allege that Plaintiff was unable to maintain her income at the specified threshold. *See Courtade*, 2014 WL 6450040, at *4.

### C. Res Judicata

Defendant argues that the Complaint also should be dismissed because the relief sought is barred by the *Rooker Feldman* doctrine, in that the claim asserted in this case is "inextricably intertwined" with an issue resolved by the state court in the dissolution proceedings between Defendant and Plaintiff's mother. Dkt. 12 at 4-5. The Court takes judicial notice of the order of

the Santa Clara County Superior Court dated April 15, 2021 at Dkt. 12-2 because court records are properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2015 WL 5698749, at *4 (N.D. Cal. Sep. 29, 2015). That order addressed Defendant's obligations under the I-864 affidavit toward Plaintiff and her mother. Dkt. 12-2 at 3, 5.

Where, as here, Defendant has provided evidence that the issue regarding support under the I-864 affidavit was previously litigated, the action may be dismissed under the doctrine of res judicata. *See Yaguil v. Lee*, No. 2:14-cv-0010-JAM-DAD, 2014 WL 1400959, at *2 (E.D. Cal. Apr. 10, 2014). Accordingly, the Court dismisses the Complaint on this ground. In light of this ruling, the Court need not address Defendant's *Rooker-Feldman* argument.

### III.  CONCLUSION

For the reasons discussed above, the motion to dismiss is **GRANTED**. Plaintiff has not requested leave to amend. However, if Plaintiff has a reasonable, good faith belief that res judicata does not apply, the Court will grant her one final opportunity to amend the Complaint. The deadline to file an amended complaint is **February 4, 2022.** To allow time for mailing, the Court will wait until February 18, 2022 before taking action. **If an amended complaint is not received by the Court by February 18, 2022, this case will be dismissed with prejudice on that date.**

The Court informs Plaintiff that the Pro Se Help Desk at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. As of January 4, 2022, the Pro Se Help Desk can be reached at hsong@asianlawalliance.org or by calling (408) 297-1480. In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf

**SO ORDERED.**

Dated: December 27, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

3